**In re GRACE COAL COMPANY, INC., Debtor.**

**GRACE COAL COMPANY, INC., Plaintiff,**

v.

**COMMONWEALTH OF KENTUCKY, CABINET FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION, Defendant.**

**Bankruptcy No. 92–70368.**
**Adv. No. 93–7009.**

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

May 17, 1993.

Gina S. McCann, Lexington, KY, and James P. Pruitt, Jr., Pikeville, KY, for debtor.

J. Alec Mackenzie, Frankfort, KY, for Com. of Ky.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the plaintiff's Motion for Temporary Restraining Order, filed herein on April 7, 1993. The Motion asks this Court to prohibit the defendant from barring the plaintiff from mining coal during the pendency of its application for renewal of its mining permit. The defendant filed its Response on April 12, 1993. A hearing on the Motion and Response was conducted on April 13, 1993, and the Court took the matter under advisement. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); the plaintiff has not alleged that it is a core proceeding.

The plaintiff initiated this matter by the filing of its Complaint on April 7, 1993. Therein it alleged that it had inadvertently failed to renew its mining permit, that the permit then expired, and the defendant or-

dered the plaintiff to cease mining activity and begin reclamation. The plaintiff contends that the defendant's order to cease mining has jeopardized its business so as to adversely affect its attempts to reorganize, and that it has no adequate remedy at law.

The defendant issued a surface mining and reclamation permit to the plaintiff on October 30, 1987. Pursuant to KRS 350.-060(1)(a) the permit expired on October 30, 1992. The defendant sent the plaintiff a letter several months before the permit was set to expire, advising of the upcoming expiration date and reminding the plaintiff that if it desired to continue its mining operations it must apply for renewal at least 120 days prior to the expiration date. The 120 day period is imposed by KRS 350.060(16). The plaintiff failed to renew within the allotted time. The plaintiff continued mining activity after the expiration of its permit. The defendant issued non-compliance and cessation orders on March 31, 1993, for mining without a valid permit in violation of KRS 350.060, 405 KAR 7:092, and 405 KAR 8:010.

In response to the plaintiff's request for a temporary restraining order, the defendant contends that the issue before the Court is not whether cessation of mining operations will hinder the plaintiff's reorganization, but whether in light of 28 U.S.C. § 959(b), the plaintiff can circumvent KRS 350.060 by mining without a valid permit. Section 959(b) states:

> Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid law of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

As the defendant points out, Kentucky state law clearly requires that any entity that conducts mining or reclamation activities within the Commonwealth must have a permit.

The defendant cites in support of its position *Wilner Wood Products v. State of Maine, Department of Environmental Protection,* 128 B.R. 1 (D.Me.1991). In applying § 959(b) to a fact pattern very similar to the one being considered herein, the district court ruled that the bankruptcy court had erred in enjoining the enforcement of state environmental laws. The court stated:

> The intent of Congress is unmistakably clear: A debtor in possession ... must manage and operate its property in compliance with state law. There is no exception for debtors who would be inconvenienced or burdened by state laws. The United States Supreme Court has indicated that this section is evidence of congressional intent that debtors-in-possession comply with states' environmental laws. (Cites omitted).

*Id.* at 2.

In response to the plaintiff's argument that the bankruptcy court may enjoin enforcement of environmental laws pursuant to 11 U.S.C. § 105, the court stated, "Nothing in the general language of section 105 suggests that Congress intended it to override the specific prohibition of section 959(b)". *Id.,* at 3. It was further the court's opinion that the better reasoned cases support this conclusion. *Id.,* fn. 3.

The defendant further argues that aside from the considerations previously discussed, the court must take into account the fact that once a permit expires, it cannot be revived by a subsequent application to renew. The plaintiff would be required to apply for a new permit. The reapplication process is cumbersome and time consuming and the consequent delay will doom this debtor's efforts at reorganization according to the debtor.

Aside from its argument concerning the Court's power pursuant to § 105, the plaintiff does not respond to the clear requirements of § 959(b). It argues instead that there has been a transfer of property which the trustee should be able to recover pursuant to § 549, that the action which it seeks to enjoin is strictly administrative and has nothing to do with public safety,

that the defendant is creating an environmental problem by forcing the abandonment of estate property, and finally that it must be able to mine in order to generate income.

As to the last argument, courts have already concluded that it is not sufficient to justify an injunction against a government agency as it attempts to enforce state law. The other arguments offered by the plaintiff simply do not counter the fact that it has violated state laws which regulate its existence and operation. This Court is therefore of the opinion that the plaintiff's Motion for Temporary Restraining ·Order should be overruled. An order in conformity with this opinion will be entered separately.